## Chicago and Northwestern Railway Co.

### *v.*

### John R. Bensley *et al.*

COMMON CARRIER—*when liability terminates.* The liability of a common carrier by railway, as such, is not terminated until the goods are unloaded from the car and placed in store. It does not terminate upon the arrival of the car containing the goods at the place of destination and the placing of such car inside the carrier's freight depot, and if the goods are destroyed by fire while so placed in the freight depot, the carrier will be liable.

APPEAL from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

This was an action of assumpsit, by John R. Bensley, David W. Bensley and Reuben Wagner against the Chicago and Northwestern Railway Company. The material facts may be found in the opinion of the court.

Mr. B. C. Cook, for the appellant.

Messrs. Hitchcock & Dupee, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action, brought by appellees against appellant, to recover for a car load of oats, shipped to the former at

Chicago over the road of the latter, from a point in Iowa, on October 5, 1871, the oats not having been delivered.

Plaintiffs in the court below recovered, and defendant appealed.

The grounds upon which a reversal is asked, are, that the verdict was against the testimony, and that an instruction asked by the defendant was refused.

The point in the evidence, upon which the dispute arises, and the case turns, is, whether the oats were unloaded on Saturday afternoon or night, October 7th, 1871, in the Galena depot, at Chicago—they having been burned in the great fire there of October 9, 1871. The evidence showed that there was a Dixon and Sterling freight train that got in late in the afternoon; that all the cars that came from the west on Saturday, were unloaded on that day or night, except the Dixon and Sterling freight; that part of the latter was unloaded Saturday night, not all. The car containing these oats arrived at Park station, Chicago, on the Northwestern road, at 12:30 P. M., on October 7, and would be sent from there in the afternoon, in the usual course of business.

Incoming freights from the west, arriving at that station, were switched there, and the cars for different destinations got together, and were then sent "down town."

The point in Iowa, from which the oats were shipped, is situated west of Sterling.

The evidence left it in doubt whether the oats did not come in on the Dixon and Sterling freight train, and the jury might well fail to be satisfied that the oats came in on a different train and so were unloaded Saturday afternoon or night.

This was the refused instruction:

"If the jury believe, from the evidence, that car 4200 was loaded with the grain in question, and that such grain arrived at Chicago, and together with and in such car was placed inside the defendant's Galena in-freight depot, and that said depot was a reasonably safe one in which to store goods, and

was under the charge of a competent watchman at the time said depot was destroyed by fire. then the defendant is not liable in this case as a common carrier."

In *Porter* v. *Chicago and R. I. R. R. Co.* 20 Ill. 407, this court decided that the liability of a common carrier by railway, as such, is not terminated until the goods are unloaded from the car and placed in store. We are not aware of any case which goes to the extent of holding such liability terminated before the goods are unloaded from the car.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*